IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLY SEWELL, | : | |
|      Plaintiff, | : | 1:20-cv-0144 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JOHN E. WETZEL, *et al*., | : | |
|      Defendants. | : | |

## MEMORANDUM

### December 29, 2020

## I. BACKGROUND

Plaintiff Billy Sewell ("Sewell"), a state inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), housed at the State Correctional Institution at Camp Hill ("SCI-Camp Hill") at all times relevant, commenced this action on January 29, 2020, pursuant to 42 U.S.C. § 1983, alleging various unconstitutional conditions of confinement. (Doc. 1). Named as Defendants are John E. Wetzel, Lindsy Kendall, Laurel Harry, Keith Carberry, Shawn Kephart, John Horner, Bernard Panasiewicz, Renee Zobitne, Deb Alvord, Tonya Heist, Gregory Plotica, Dr. Elicia Stein, Gregory Carbough, and Mark Spiele.

Presently pending is Defendants' motion (Doc. 12) for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because Defendants raised the issue of exhaustion, on June 9, 2020, the Court notified the parties that it would

consider exhaustion in its role as factfinder in accordance with *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018) and *Small v. Camden Cty.*, 728 F.3d 265 (3d Cir. 2013).  (Doc. 14).  At that time, the Court instructed Defendants to file a Statement of Material Facts in accordance with Local Rule 56.1 and directed Sewell to respond to the Defendants' motion and Statement of Material Facts in the time and manner dictated by the Federal Rules of Civil Procedure and Local Rules of Court.  (*Id.*).  Sewell failed to oppose the motion.  On July 15, 2020, the Court afforded him until July 28, 2020, to file an opposition brief and Statement of Material Facts.  (Doc. 17).  The Court also cautioned him that his failure to do so would result in the Statement of Material facts being deemed admitted and the motion being deemed unopposed.  (*Id.*).  He failed to file a brief or controvert Defendants' Statement of Material Facts.  Consequently, the Statement of Material Facts is deemed admitted and the motion is deemed unopposed.  For the reasons set forth below, the motion will be granted.

## II.      STANDARD OF REVIEW

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340

(3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Although the moving party must establish an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex*, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out ... that there is an absence of

3

evidence to support the nonmoving party's claims." *Id.* at 325.

Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x 177, 179 (3d Cir. 2008).  The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).  "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)).  "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple*

*BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322. The adverse party must raise "more than a mere scintilla of evidence in its favor" and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989). The mere existence of some evidence in support of the non-movant will not be adequate to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. *Anderson*, 477 U.S. at 249–50.

### III. STATEMENT OF MATERIAL FACTS

The DOC Inmate Grievance System policy, DC-ADM-804, is intended to deal with a wide range of issues, procedures, or events that are of concern to the inmate who is personally affected by a DOC or facility action and policy. (Doc. 16, p. 6, ¶ 2). The policy provides a three-step process for resolution of inmate grievances: (1) the initial grievance and staff response that must be submitted to the Facility Grievance Coordinator; (2) the appeal to the Facility Manager or Superintendent and response; and (3) and the final appeal to the Secretary's Office

of Inmate Grievances and Appeals ("SOIGA") and response. (*Id.* at p. 8, ¶ 7). If the inmate is dissatisfied with the decision of the Grievance Coordinator, he may appeal to the Facility Manager. (*Id.* at p. 9, ¶ 13). If dissatisfied with the outcome of that appeal, he may seek review with the SOIGA, the final level of appeal. (*Id.* at p. 10, ¶ 16).

Keri Moore ("Moore") the Assistant Chief Grievance Officer in the SOIGA is responsible for tracking, reviewing, maintaining accurate files of documentation and addressing final appeals of grievances. (*Id.* at p. 6, ¶¶ 1, 2). Moore reviewed the grievance appeal records and determined that Sewell "did not file any grievances related to his time at SCI Camp Hill." (*Id.* at p. 11, ¶ 21; p. 49).

## IV. **DISCUSSION**

Defendants seek an entry of summary judgment based on Sewell's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)a. The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). "[T]o properly

exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). To "complete the administrative review process," means "substantial" compliance with the prison's grievance procedures. *See Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004) (citing *Nyhuis*, 204 F.3d at 77–78).

While the PLRA requires that prisoners comply with the procedural demands of a system created by their jailors, those jailors must also comply with the demands of the system they created. *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019).  Consequently, "[a]s soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement."  (*Id.*).

"The only limit to §1997e(a)'s [exhaustion] mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross*, 136 S. Ct. at 1862 (quoting § 1997e(a)).  In other words, "the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."

7

*Id.* at 1858 (quoting § 1997e(a)). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* (quoting *Booth v. Churner*, 532 U.S. 731, 737–38 (2001) (internal citations and quotation marks omitted)). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth*, 532 U.S. at 738).

It is undisputed that Sewell failed to pursue available administrative relief with regard to the conditions of confinement at SCI-Camp Hill.  Consequently, Defendants are entitled to an entry of summary judgment based on Sewell's failure to exhaust available administrative remedies as required by the PLRA.

## V.      **CONCLUSION**

Based on the foregoing, Defendants' motion (Doc. 12) for summary judgment will be granted.

A separate Order will issue.